IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HEATHER STEELE<br>206 S. 3rd Avenue<br>Beech Grove, IN 46107, | * <br> * | |
| Plaintiff, | * | |
| v. | * | |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>60 Massachusetts Avenue, NE<br>Washington, DC 20002, | * <br> * <br> * | Case No._____ |
| SERVE ON: CT Corporation<br>1015 15th Street NW<br>Suite 1000<br>Washington, DC 20005, | * <br> * <br> * | **JURY TRIAL DEMANDED** |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Heather Steele, by and through her attorneys, H. David Leibensperger and Berman, Sobin, Gross, Feldman & Darby, LLP, sues Defendant, National Railroad Passenger Corporation (AMTRAK), and for causes of action states as follows:

### NATURE OF THE ACTION

1. This is an action for negligence under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., stemming from Defendant's employment of Plaintiff and its negligent failure to provide Plaintiff with a reasonably safe place to work. Plaintiff seeks economic and noneconomic damages, and other appropriate relief.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a resident of Indiana.

3. Defendant is an operating railroad with its principal place of business in the District of Columbia, and is a resident of the District of Columbia.

4. The Court has both federal question subject matter jurisdiction under 28 U.S.C. § 1331 and 45 U.S.C. § 51 et seq., and diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## COUNT I – Breach of the FELA

6. At all times herein mentioned, Plaintiff and Defendant were engaged in interstate commerce; all trackage, cars, equipment and premises involved were under the control of Defendant.

7. On or about February 16, 2014, Plaintiff, Heather Steele, while in the employ of Defendant, AMTRAK, as a Conductor sustained a severe injury to her left ankle and right knee. The Plaintiff was on a train crew in the Dolton Yard in Chicago, less than 40 minutes outside of Chicago's Union Station. The Plaintiff was walking between a passenger car and the crew car of the train. Snow and ice had been allowed to accumulate in the vestibule area between the cars. The Plaintiff had to climb over and through the snow to reach the crew car. As she stepped into the crew car, she slipped on the linoleum floor which was wet. The vestibule area should have been cleared of snow and ice by the Defendant's mechanical department before the train departed Union Station in Chicago. When the Plaintiff stepped onto the linoleum floor and slipped and fell, she sustained injuries to her left ankle and right knee.

8. Defendant owed to Plaintiff a non-delegable duty to provide a reasonably safe place in which to work.

9. The aforesaid injury was caused by the negligence of Defendant, its agents and employees in that:

    a. It failed to use reasonable care to furnish Plaintiff with a reasonably safe place in which to work;

    b. It failed to maintain and inspect the area where the Plaintiff was required to walk, work and perform her job duties;

    c. It failed to make sure that the area where the Plaintiff was required to walk and work to perform her duties was clear of snow, ice and water;

    d. It failed to warn the Plaintiff of the dangers presented with regard to the snow, ice, and water that was in the area where she was required to walk and work to perform her duties;

    e. It failed to provide a non-slip surface for Plaintiff to walk upon in the crew car;

    f. It failed to provide hand-rails in the subject crew car which would have provided the Plaintiff with a secure hand-hold; and

    g. It was otherwise careless, reckless and negligent.

10. As a result of the negligence of Defendant as set-forth above, Plaintiff was seriously and permanently injured. Plaintiff's injuries include injuries to her left ankle and right knee, some or all of which may be permanent and which may require surgical intervention.

11. As a further result of the negligence of Defendant as herein above set-forth, Plaintiff has in the past and will in the future incur substantial medical and other expenses in an effort to cure and rehabilitate herself from these injuries.

12. As a further result of the negligence of Defendant as herein above set-forth, Plaintiff has in the past, and will in the future, suffer a severe loss of earnings and an impairment of her earning capacity, much to her great detriment and loss.

13. As a further result of the negligence of Defendant as herein above set-forth, Plaintiff has in the past and will in the future suffer great physical pain and suffering, mental anguish, a loss of the enjoyment of life, a diminishment of the quality of life, and other losses, to her great mental, physical, financial and emotional harm.

WHEREFORE, Plaintiff, Heather Steele, demands judgment against Defendant, National Railroad Passenger Corporation (AMTRAK) for actual, consequential, and other compensatory damages, including emotional distress, monetary loss, lost wages, in the amount of $5,000,000.00 (Five Million Dollars), or as a jury may determine, the costs of this suit, and such other and further relief to which Plaintiff may be entitled and as this Honorable Court may deem just and proper.

Respectfully submitted,

/s/
H. David Leibensperger
Federal Bar No. 979695
Berman, Sobin, Gross,
Feldman & Darby, LLP
1301 York Road, Suite 600
Lutherville, Maryland 21093
Phone: (410) 769-5400
Facsimile: (410) 769-9201
hdavid@bsgfdlaw.com
*Counsel for Plaintiff*

## **REQUEST FOR JURY TRIAL**

Plaintiff, Heather Steele, by and through undersigned counsel, requests a Jury Trial on the issues presented herein.

/s/
H. David Leibensperger
Federal Bar No. 979695
Berman, Sobin, Gross,
Feldman & Darby, LLP
1301 York Road, Suite 600
Lutherville, Maryland 21093
Phone: (410) 769-5400
Facsimile: (410) 769-9201
hdavid@bsgfdlaw.com
*Counsel for Plaintiff*